Prob 12C
(Rev. 1/06 D/HI)

# SEALED BY ORDER OF THE COURT

## United States District Court

### for the

### DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

AUG 3 0 2006

at /0 o'clock and ___ min ___
SUE BEITIA, CLERK

U.S.A. vs. ARLENE ESTACION, aka Arlene Nii     Docket No. CR 02-00346HG-01

## REQUEST FOR COURSE OF ACTION
### (Statement of Alleged Violations of Supervised Release)

COMES NOW J. MARTIN ROMUALDEZ, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Arlene Estacion, aka Arlene Nii, who was placed on supervision by the Honorable Helen Gillmor sitting in the Court at Honolulu, Hawaii, on the 12th day of May, 2003, who fixed the period of supervision at 3 years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. That the defendant provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.

2. The Court also ordered that restitution of $96,071 is owed jointly and severally with codefendant Tracy Kuhns and is due immediately to the victims listed in paragraphs 28 and 28a of the Presentence Investigation Report, and any remaining balance upon release from confinement be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of her monthly gross income.

On 8/25/2004, the Court modified the defendant's conditions of supervised release after being notified that the defendant associated with a person convicted of a felony without permission from the Probation Officer and failed to follow instructions of the Probation Officer. The following special condition was added:

3. The defendant shall serve up to 4 months of home detention with electronic monitoring as arranged by and at the discretion of the Probation Office. During this time, the defendant shall remain at her place of residence during non-working hours and shall not leave her residence without the approval of the Probation Office. The defendant shall wear an electronic monitoring device and follow the electronic monitoring procedures pursuant to the Participant's Agreement and shall earn leave as determined by the Probation Office.

On 1/24/2005, the Court revoked the defendant's term of supervised release for the following violations: (1) from 5/25/2004 through 7/16/2004, on 8/3/2004, and from 10/24/2004 through 11/15/2004, the defendant associated with a person convicted of a felony, to wit, Jonathan Cabanlet,



without the permission of the Probation Officer; (2) on 6/28/2004 and 12/20/2004, the defendant failed to answer truthfully all inquiries by the Probation Officer; (3) from 5/25/2004 through 7/16/2004, on 8/3/2004, and from 10/24/2004 through 11/15/2004, the defendant failed to follow instructions of the Probation Officer; (4) on 11/5/2004 and 12/3/2004, the defendant failed to submit a truthful and complete report within the first five days of each month; and (5) on 11/4/2004 and 12/2/2004, the defendant engaged in conduct constituting a federal offense punishable by a term of imprisonment exceeding one year.  The Court sentenced the defendant to 18 months imprisonment, to be followed by an 18-month term of supervised release.  The following special conditions were ordered:

1. That the defendant provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.

2. That the defendant is prohibited from incurring credit charges and lines of credit without the approval of the Probation Office.

3. That the defendant shall submit her person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision.  Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

4. That the defendant participate in a mental health program at the discretion and direction of the Probation Office.

5. That the defendant is prohibited from having any contact, directly or indirectly, with Jonathan Cabanlet.

   The Court also ordered that restitution of $96,071 is owed jointly and severally with codefendant Tracy Kuhns and is due immediately to the victims listed in paragraphs 28 and 28a of the Presentence Investigation Report, and any remaining balance upon release from confinement be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of her monthly gross income.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

<u>Alleged Violation(s) of Supervised Release</u>

That the subject has violated the conditions of her supervised release (Probation Form 7A attached) as follows:

1. From on or about 5/15/2006 through 5/18/2006, the subject engaged in conduct constituting a federal offense punishable by a term of imprisonment exceeding one year, in violation of the General Condition.

Prob 12C
(Rev. 1/06 D/HI)

3

    Based on the above, the U.S. Probation Officer recommends that a NO BAIL warrant be issued and that the defendant be brought before the Court to show cause why supervision should not be revoked. The NO BAIL warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

---

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[X] The issuance of a NO BAIL warrant and that the subject be brought before the Court to show cause why supervision should not be revoked. The NO BAIL warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

[ ] Other

   I declare under penalty of perjury that the foregoing is true and correct.

   Executed on   25th of August 2006

   *(signature)*
   J. MARTIN ROMUALDEZ
   U.S. Probation Officer

Approved by:

*(signature)*
TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

Prob 12C
(Rev. 1/06 D/HI)

4

## ORDER OF COURT

THE COURT ORDERS the issuance of a NO BAIL warrant and that the subject be brought before the Court to show cause why supervision should not be revoked. The NO BAIL warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

Considered and ordered this 28th day of August, 2006, and ordered filed and made a part of the records in the above case.

_____
HELEN GILLMOR
U.S. District Judge

Re:   **ESTACION, Arlene, aka Arlene Nii**
      **Criminal No. CR 02-00346HG-01**
      **REVOCATION OF SUPERVISED RELEASE**

## STATEMENT OF FACTS

The subject was convicted of 3 counts of Mail Fraud, Class D felonies. On 5/12/2003, the defendant was sentenced to twelve (12) months and one (1) day of imprisonment, to be followed by a three-(3) year term of supervised release. On 4/23/2004, she commenced her initial term of supervised release. The Court revoked the subject's term of supervised release on 1/24/2005 after finding that the subject had committed numerous violations, including conduct constituting a new federal offense. The subject was sentenced to eighteen (18) months imprisonment, to be followed by an eighteen-(18) month term of supervised release.

On 4/21/2006, before the subject's release from Bureau of Prisons custody, this officer met with the subject and reviewed the conditions of her supervised release. She acknowledged understanding all of the conditions and was provided a copy of those conditions. On 5/11/2006, the subject commenced her second term of supervised release.

**Violation No. 1 - Engaging in Conduct Constituting a Federal Offense**: On 7/5/2006, the Probation Office received information from a local realtor that the subject had expressed interest in purchasing residential property in the neighborhood of Hawaii Loa Ridge. The realtor also disclosed that after a cursory background check of the subject, he discovered that she had been convicted of "some sort of lending fraud" and thought that her interest in Hawaii Loa Ridge property "might be some sort of scam as well." The realtor provided this officer with a copy of an e-mail that the subject had sent on 6/4/2006, in which she expressed interest in three different properties, each with a market value of over $1 million. This officer informed the realtor that the subject did not possess the wherewithal to purchase any of these properties and cautioned him against further involvement with the subject.

On 7/11/2006, the Probation Office received several documents from the Wellington Management Company in Boston, Massachusetts, which manages financial funds for The Hartford in Connecticut. The documents had been mailed to The Hartford via Federal Express and included cover letters dated 5/15/2006, as well as three Federal Express airbills. A review of the Federal Express tracking website confirmed that the documents arrived at The Hartford on 5/17/2006 and 5/18/2006 in three separate packages. Two of the airbills identified the subject as the sender, while the third airbill identified Margaret Elizabeth Broderick as the sender. The documents indicate that the subject, together with a Margaret Elizabeth Broderick, attempted to set up bank accounts with The Hartford in the amount of $150 million and to obtain an advanced credit of $1.5 million. According to the documents, this amount is allegedly supported by certain bonds against a number of government officials, including

Re:   **ESTACION, Arlene, aka Arlene Nii**
      **Criminal No. CR 02-00346HG-01**
      **REVOCATION OF SUPERVISED RELEASE**
      **STATEMENT OF FACTS - Page 2**


U.S. Attorney General Alberto Gonzalez, Warden Tereser A. Banks of the Federal Correctional Institute (FCI) at Victorville, and former Director of the Administrative Office of the U.S. Courts Ralph Mecham. The subject also made claims against former U.S. Attorneys Craig Nakamura and Michael Seabright, U.S. Supervising Probation Officer Timothy M. Jenkins, this officer of the Probation Office, and Your Honor. The supporting documentation also identifies an additional "claimant" on the bonds, a Yolanda Chrisette Harris. Finally, some of the documents contain the name and signature of Michael Nii, the 18-year old son of the subject who recently graduated from Kamehameha High School.

This officer conducted background checks on both Margaret Elizabeth Broderick and Yolanda Chrisette Harris. Ms. Broderick is currently serving a 16-year term of imprisonment at the Federal Correctional Institute (FCI) Victorville. She was convicted of 26 counts, including conspiracy, fraud and money laundering, in the U.S. District Court, Central District of California. Her offense conduct reveals a complex scheme of fraud and misrepresentations. After attending a fraud seminar at the Freeman ranch in Montana, Ms. Broderick began her own series of seminars that purported to teach individuals how to write a "comptroller's warrant" against the U.S. government. She charged $125 to $200 for admission to her seminar and $100 for a blank "comptroller's warrant," which had the appearance of a U.S. Treasury check or a cashier's check. These "checks" were supposedly backed by more than $1 billion in liens against the U.S. government. Throughout the course of her criminal conduct, Ms. Broderick and her co-conspirators issued between 9,000 and 12,000 fraudulent checks totaling an estimated $1 billion. She herself received $1.2 million dollars from the scheme, and she distributed proceeds to her co-conspirators.

As to Ms. Harris, she is currently serving a 3-year term of supervised release in the Central District of California. She was convicted of Bank Fraud in the U.S. District Court, District of Virginia. Her offense conduct reveals two separate schemes. From February to April 2000, Ms. Harris engaged in a scheme to defraud a credit union by opening an account and securing loans totaling $77,000, both through the use of false identification information. The second scheme involved the establishment of several lines of credit, also through the use of false identification information. Ms. Harris utilized the lines of credit and caused over $20,000 in losses to two separate credit card services.

Re:     **ESTACION, Arlene, aka Arlene Nii**
         **Criminal No. CR 02-00346HG-01**
         **REVOCATION OF SUPERVISED RELEASE**
         **STATEMENT OF FACTS - Page 3**

     On 7/17/2006, copies of the documents were forwarded to the local office of the Federal Bureau of Investigation (FBI), as this officer was concerned that the subject was engaging in new criminal conduct. The FBI informed this officer that they intended to investigate the subject's activities and to consult with the U.S. Attorney's Office. This officer continued to supervise the subject's activities. As an additional precaution, this officer also advised the staff at FCI Victorville and the U.S. Probation Office, Central District of California, of Ms. Broderick's and Ms. Harris' possible participation in the criminal scheme.

     After a careful review of the documents from Wellington Management Company, the Probation Office concluded that the subject engaged in conduct constituting the following criminal offenses:

1.   Mail Fraud, in violation of 18 U.S.C. § 1341, a Class B Felony, punishable by an imprisonment term of not more than 30 years: The subject committed this offense when she caused the documents in question to be delivered by Federal Express to The Hartford, a financial institution, and attempted to open a bank account in the amount of $150 million, including an advanced credit of $1.5 million. The subject attempted to accomplish this through fraudulent means.

2.   Bank Fraud, in violation of 18 U.S.C. § 1344, a Class B Felony, punishable by an imprisonment term of not more than 30 years: The subject committed this offense when she attempted to defraud The Hartford, a financial institution, and to obtain funds and credits through false pretenses and intentional misrepresentations.

Re:  **ESTACION, Arlene, aka Arlene Nii
Criminal No. CR 02-00346HG-01
REVOCATION OF SUPERVISED RELEASE
STATEMENT OF FACTS - Page 4**

Consequently, it is recommended that a NO BAIL warrant be issued for her appearance before the Court to show cause why supervised release should not be revoked, as the subject presents an unacceptable risk to the community.

Respectfully submitted by,

*Martin Romualdez*
J. MARTIN ROMUALDEZ
U.S. Probation Officer

Approved by:

*Timothy M. J___*
TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

JMR/ct

Re: ESTACION, Arlene, aka Arlene Nii
Criminal No. CR 02-00346HG-01
REVOCATION OF SUPERVISED RELEASE
STATEMENT OF FACTS - Page 5

**NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT CONSIDERATION**

None.

PROB 7A
(Rev. 9/00; D/HI 10/05)

**Conditions of Probation and Supervised Release**

# UNITED STATES DISTRICT COURT

## FOR THE

## DISTRICT OF HAWAII

To:   ARLENE ESTACION                                         Docket No.  CR 02-00346HG-01

Under the terms of this sentence, the defendant has been placed on supervised release by the Honorable Helen Gillmor, Chief U.S. District Court Judge for the District of Hawaii.  The defendant's term of supervision is for a period of 18 months commencing 5/11/2006.

The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons (supervised release cases only).

The defendant shall not commit another federal, state, or local crime.

The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of commencement of supervision and at least two periodic drug tests thereafter.

- [ ] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.  (Check, if applicable.)
- [x] The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.  (Check, if applicable.)
- [x] The defendant shall cooperate in the collection of DNA as directed by the probation officer.  (Check, if applicable.)
- [ ] The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the student, as directed by the probation officer.  (Check, if applicable.)
- [ ] The defendant shall participate in an approved program for domestic violence.  (Check, if applicable.)

If the judgment imposed a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with any Schedule of Payments set forth in the Criminal Monetary Penalties sheet of the judgment.  In any case, the defendant should cooperate with the probation officer in meeting any financial obligations.

**It is the order of the Court that the defendant shall comply with the following standard conditions:**

(1) The defendant shall not leave the judicial district without the permission of the court or probation officer; *I shall not leave the island of Oahu without the prior permission of the Probation Office. AU*

(2) The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

(3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

(4) The defendant shall support his or her dependents and meet other family responsibilities;

(5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;

(6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

(7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician;

(8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

(9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

(10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

(11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

(12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

(13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

The special conditions ordered by the Court are as follows:

See next page for special conditions

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____     4/21/06
ARLENE ESTACION, Defendant                    Date

_____     4/21/06
J. MARTIN ROMUALDEZ                  Date
U.S. Probation Officer

PROB 7A
(Rev. 9/00; D/HI 10/05)

RE:    ARLENE ESTACION
        Docket No. CR 02-00346HG-01

Conditions of Probation and Supervised Release
**(continued from previous page)**

The defendant shall provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.

(2) The defendant is prohibited from incurring credit charges and lines of credit without the approval of the Probation Office.

(3) The defendant shall submit her person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

(4) The defendant shall participate in a mental health program at the discretion and direction of the Probation Office.

(5) The defendant is prohibited from having any contact, directly or indirectly, with Jonathan Cabanlet. (going through someone else)

That restitution of $96,121.00 is owed jointly and severally with codefendant Tracy Kuhns and is due immediately to the victims listed in paragraphs 28 and 28a of the Presentence Report, and any remaining balance upon release from confinement be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of her monthly gross income. Interest is waived while the defendant is serving her term of imprisonment and shall commence to accrue on any remaining balance upon her release on supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____    4/21/04
          ARLENE ESTACION, Defendant    Date

_____    4.21.2006
J. MARTIN ROMUALDEZ    Date
U.S. Probation Officer